UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  ORDER
 11-CR-212-A

GREGORY SZARPA,
                    Defendant.

On January 4, 2012, the Court imposed sentence upon the defendant, Gregory Szarpa, for receipt of illegal gratuities while a public employee. The sentence was primarily to a term of imprisonment of one year and one day. The term of imprisonment was the result of a substantial downward variance from a 21 to 24 months advisory range of imprisonment mandated by the Sentencing Guidelines to reflect the known offense and offender characteristics. The Court granted voluntary surrender to defendant Szarpa.

Defendant Szarpa filed a motion on January 13, 2012 requesting a series of amendments to the Presentence Investigation Report (Doc. No. 13, the "PSR") to supplement and to update information in the PSR concerning his medical condition and family medical history. Without explaining why the additional medical information was not timely provided to the United States Probation Office pursuant to the procedures in Fed. R. Crim. P. 32(f) to be included in the PSR,

the defendant states that the information will help the Federal Bureau of Prisons (the "BOP") to make "the proper facility designation."

The particular medical issues referred to in defendant Szarpa's motion seem potentially serious and, at least as summarized in the defendant's motion, more pertinent to his receipt of adequate medical care while he is imprisoned than to the medical classification of BOP facilities to which he may be designated by the BOP to surrender and to serve his term of imprisonment. Despite the potential seriousness of the medical issues raised by the defendant, the defendant has not addressed the Court's subject matter jurisdiction to order amendment of a PSR after sentencing. It appears that the Court has no such jurisdiction. United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989); United States v. Hennings, 2005 WL 1270248 (W.D.N.Y 2005).

Even assuming that the Court has equitable jurisdiction ancillary to its powers in a criminal case to address a defendant's post-sentence motion to amend a PSR, defendant Szarpa does not explain why the Court should order United States Probation to undertake the necessary additional investigation in this case, and to expend scarce Probation Officer resources — not to mention public money — to formally revise his PSR to add immaterial information after his sentence has already been imposed[1]. The defendant's medical information and

---

[1] Defendant Szarpa does not contend that the Court failed adequately to consider his medical conditions when imposing sentence upon him.

any important supporting medical records can and, because medical designations are within the exclusive jurisdiction of the BOP pursuant to 18 U.S.C. § 3621(b), should be provided directly to the BOP.  Under these circumstances, even if the Court has subject matter jurisdiction to order amendment of a PSR after sentencing, the defendant has not given the Court a reason to exercise it.  The defendant's January 13, 2012 motion to amend his PSR is therefore denied.

The Court believes that the BOP will, as a matter of sound practice, fully consider the current medical information that has been made available to it when designating defendant Szarpa to appropriate facilities to serve his term of imprisonment.  The Court therefore declines to make a special recommendation for such consideration.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 23 , 2012